IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DEBORAH L. ROBINSON, et al.  :

v.  :  CIVIL ACTION NO. H-02-875

GENESIS HEALTH VENTURES, INC.  :

### ORDER

On November 15, 2002, summary judgment was entered in favor of defendant and against plaintiffs. (*See* Paper Nos. 27 and 28).

On November 21, 2002, defendant filed a timely Bill of Costs pursuant to Fed. R. Civ. P. 54(d)(1) and 28 U.S.C. § 1920, seeking the amount of $601.60 for costs associated with the deposition of Ms. Robinson, copying costs, and the filing fee incurred in removing the case to federal court. (*See* Paper No. 29). No opposition motion has been filed, and no hearing is needed to resolve the pending taxation request.

Defendant clearly is entitled to the $150.00 filing fee, incurred when removing the case from state to federal court.

Deposition costs may be taxed under Fed. R. Civ. P. 54(d) where they are necessary for the case. See ***Crawford Fitting Co. v. J.T. Gibbons, Inc.***, 482 U.S. 437 (1987). To determine if a deposition expense is taxable, a Court must "consider the extent of actual use of each deposition and whether the taking was reasonably necessary to the party's case in light of the particular situation existing at the time of taking." It is not necessarily fatal to taxation that a deposition was not introduced or otherwise used at the trial. See ***Advance Business Systems & Supply Co. v. SCM Corporation***, 287 F. Supp. 143, 165 (Md. 1968), *aff'd* as modified, 415 F.2d 55 (4th Cir. 1969), *cert. denied*, 397 U.S. 920 (1970); ; *see also* ***Lavay Corp. v. Dominion Fed. Sav. & Loan Ass'n***, 830 F.2d 522, 528 (4th Cir. 1987), *cert. denied*, 484 U.S. 1065 (1988). While a judge

may allow a deposition expense if the taking of that deposition was "reasonably necessary" in "light of the particular situation existing at the time of the taking," the undersigned's authority is more limited. In this district, the Clerk has traditionally allowed the costs associated with: (1) deposing the parties in the case and has allowed: (2) *depositions that were actually used in connection with the event that terminated the litigation*; (3) purchasing copies of depositions taken by opposing counsel; and (4) *trial witness depositions*. It appears that the deposition is taxable. The $10.00 delivery and handling fee, however, is "general office overhead," and will not be taxed against plaintiffs.

The copy work is of the type permitted in this district, and will be taxed in full.

According, costs are hereby awarded in favor of defendant and against plaintiffs in the amount of $591.60. This Order shall be docketed and mailed to all parties in this case.

Dated this ___ day of December, 2002.

Felicia C. Cannon
Clerk of Court